■ In the Matter of METROPOLITAN LIFE INSURANCE COMPANY, Respondent, v. JOHN V. LINDSAY et al., Constituting the Board of Estimate of the City of New York, Appellants.— Judgment, Supreme Court, New York County, entered on August 23, 1971, which granted petitioner's application for an increase in the maximum average basic rental at Stuyvesant Town, affirmed, without costs and without disbursements. The predicate of this article 78 proceeding, as well as two prior proceedings, is a contract between the City of New York and Stuyvesant Town Corporation and Metropolitan Life Insurance Company, dated June 1, 1943. The contract was made pursuant to the Redevelopment Companies Law (L. 1942, ch. 845, as amd. by L. 1943, ch. 234). In substance section 8 of the Redevelopment Companies Law provides that there shall be paid annually out of the earnings of a redevelopment company such as Stuyvesant Town, after providing for all expenses, 6% of the total actual final cost of the project and that the obligation of such payments shall be cumulative. Section 25, among other things, provides that where an insurance company, such as petitioner, owns and operates a redevelopment project, such as Stuyvesant Town, it shall be entitled to earn and return annually on a cumulative basis after providing for all expenses, a sum equal to but not exceeding 6% of the total actual final cost of that project. In conformity with the above sections of law the contract between the parties (par. 307 thereof) provides that if the revenue derived from the average rental per room per month is insufficient after payment of expenses, taxes and assessments to provide the cumulative return of 6% of the total actual final cost, then Stuyvesant and petitioner, as the successor to Stuyvesant, have the right to apply to the Board of Estimate for permission to increase the maximum average rental by an amount sufficient to provide the prescribed 6% return annually and to provide the sums for interest amortization and dividends theretofore accumulated and unpaid. This contract has been interpreted by our Court of Appeals to mean that the right to the 6% return was cumulative, and that upon any application for an increase in the maximum average rent any deficiency in the 6% return was to be paid out of rents which accrued during the remaining period of tax exemption. (*Dorsey* v. *Stuyvesant Town Corp.*, 299 N. Y. 512; *Matter of Stuyvesant Town Corp.* v. *Impellitteri*, 202 Misc. 661, affd. 281 App. Div. 672, affd. 306 N. Y. 784.) It is clear, too, that there is presently an accumulating deficiency in excess of $20 million. Petitioner has applied for the increase based upon the same formula previously approved by the court. Appellant's argument that petitioner has waived its right to a cumulative return is without merit. The prior order of the court clearly provides that it was without waiver to petitioner's rights to a cumulative return. Finally, there is nothing in the contract which prohibits petitioner from seeking an increase in a year where the profit exceeds 6% provided that there is an accumulated deficiency, as has been demonstrated herein. Concur — Stevens, P. J., Capozzoli, Nunez and Murphy, JJ.; Kupferman, J., dissents in the following memorandum: The justice or injustice aside, of the

claim by Metropolitan Life Insurance Company for the payment out of current rents of the accumulated deficiency, paragraph 307 of the contract clearly states that the right to request the Board of Estimate to increase the maximum average rental applies when current rentals are insufficient "to provide a sum for interest, amortization and dividends equal to but not exceeding six per centum (6%) per annum of the total actual final cost of the project." It is conceded that the current rentals provide a sum in excess of 6%, being actually 7.54% on the project cost. The judgment appealed from should be reversed and the petition dismissed.