**Charles LYMAN et al., Plaintiffs,**

**v.**

**UNITED STATES of America et al., Defendants.**

No. 73 Civ. 2068.

United States District Court, S. D. New York.

Dec. 12, 1973.

Jerome M. Kay, New York City, for plaintiffs.

Paul J. Curran, U. S. Atty., S. D. N. Y., for defendants United States, Price Commission, Dept. of the Treasury and Internal Revenue Service; Steven J. Glassman, Asst. U. S. Atty., of counsel.

Willkie Farr & Gallagher, New York City, for defendant Metropolitan Life Ins. Co.; Mark F. Hughes, Churchill Rodgers, Vincent R. Fitzpatrick, John C. Fleming, Jr., New York City, of counsel.

MEMORANDUM

BONSAL, District Judge.

This case arises under the Economic Stabilization Act of 1970 ("the Act"), Pub.L.No.91–379, 84 Stat. 799 (1970), as amended. Plaintiffs sue individually and as the Executive Committee and representatives of the Stuyvesant

Town Tenants' Association. The defendants include the United States of America, the Price Commission (now the Cost of Living Council) ("Council"), and Metropolitan Life Insurance Company ("Metropolitan"), the landlord of Stuyvesant Town.

Stuyvesant Town is a housing development built under the Redevelopment Companies Law of the State of New York, L.1942, ch. 845, as amended by L.1943, ch. 234, McKinney's Unconsol. Laws, § 3401 et seq., under which Metropolitan, on June 1, 1943, entered into a contract with the City of New York to build and operate Stuyvesant Town. Under the contract, Metropolitan received certain tax advantages, and the contract provided that it should earn 6% annually on the total actual final cost of the development, which figure was cumulative, so that if in any year Metropolitan failed to earn 6%, it could make it up in later years. Stuyvesant Town is said to cover 18 blocks on the east side of Manhattan and to include 8,731 apartments containing 33,125 rooms.

In September, 1971, in line with the original contract, Metropolitan increased the rentals by 15%. The Price Commission was advised of the rent increase in May, 1972. Plaintiffs thereafter filed a complaint with the Internal Revenue Service ("IRS") to set aside the rent increase, and, following its denial, appealed on October 19, 1972 to the Price Commission, which subsequently became the Cost of Living Council. Receiving no action from the Price Commission, plaintiffs instituted this action on or about May 10, 1973, which they framed as a class action.

Following the commencement of this action, the Council issued its decision on July 2, 1973 denying plaintiffs' appeal, stating:

"[T]he IRS's decision that the units in Stuyvesant Town are 'rent controlled housing' as defined in 6 CFR 301.106, and that, therefore, the rents could be increased above base when approved by the New York Board of Estimate is affirmed."

Plaintiffs now seek to amend their cause of action to review the determination of the Council pursuant to Section 211(d)(1) of the Act. For the purposes of this Memorandum, plaintiffs' complaint is deemed amended as indicated.

Section 211(d)(1) of the Act provides:

". . . [N]o order of such agency shall be enjoined or set aside, in whole or in part, unless a final judgment determines that such order is in excess of the agency's authority, or is based upon findings which are not supported by substantial evidence."

The "Decision and Order" of the Council points out that rentals in the Stuyvesant Town project require approval of the New York City Board of Estimate and that the 15% rent increase request was within the terms of the contract between Metropolitan and the City, by which the City guaranteed Metropolitan a 6% annual return on a cumulative basis. While the Board of Estimate at first rejected the 15% increase, the Council noted that thereafter the Supreme Court of New York ordered the Board to approve it. *See* Metropolitan Life Insurance Co. v. Lindsay, 38 A.D.2d 527, 326 N.Y.S.2d 943 (First Dept. 1971). The Council's decision reviews the history of the application to the IRS and the appeal from its determination to the Price Commission, which was succeeded by the Council on January 11, 1973 (Executive Order 11695). The Council found that the IRS was correct in ruling that units in Stuyvesant Town are "rent controlled housing" within the meaning of 6 C.F.R. 301.106 for the reason that the rents are controlled by the New York City Board of Estimate and because New York City provided original financial assistance in connection with the construction of the project. The Council found that the 15% rent increase was not inconsistent with the goals of the Economic Stabilization Program and that to disregard the New York Court's mandate and disallow the instant reasonable rent increase might result in far larger increases, with a

corresponding greater inflationary impact at a later date.

For obvious reasons, the Act provides that it shall be administered through administrative agencies which have the necessary expertise in rent control problems. Moreover, Section 211(d)(1) makes it clear that this Court may not set aside the decision of the Council unless it finds that it was in excess of the Council's authority or was based on findings which are not supported by substantial evidence. A reading of its decision and the pleadings and other documents on file satisfies the Court that the Council's findings are supported by substantial evidence, and that its decision, far from being in excess of its authority, was in conformity with its authority and consonant to the purposes of the Act.

Since the Court is therefore precluded from enjoining or setting aside the Order of the Council by Section 211(d)(1), and since no constitutional problem has been raised with respect to the Act and none appears in the context of this case, the defendants are entitled to a final judgment dismissing the complaint without costs.

Settle judgment on notice.